# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| SYLVESTER J. LAWSON, II,<br>    Petitioner, | Case No. 1:12-cv-243 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion to stay, respondent's opposition, and petitioner's response. (Docs. 7, 10, 11).

In the motion to stay, petitioner requests that the Court stay his petition and hold it in abeyance while he returns to the state courts to exhaust previously unexhausted claims. Although petitioner does not specify which claim or claims he seeks to exhaust, he indicates that "the unexhausted claim was discovered by the First District Appeal Court in 2010." (Doc. 11, p. 2). On February 17, 2010, the Ohio Court of Appeals granted petitioner's application to reopen his appeal based on petitioner's argument that his appellate counsel was ineffective in failing to assign as error "(1) the trial court's imposition of separate prison terms upon his guilty pleas to kidnapping and rape, (2) the court's compliance with Crim.R. 11 in accepting his pleas, (3) the knowing, voluntary, and intelligent nature of his pleas, and ([4]) his trial counsel['s] effectiveness concerning these matters." (Doc. 8, Ex. 26).

On November 15, 2011, petitioner filed a motion to vacate void judgment and for a new sentencing hearing. (Doc. 8, Ex. 47). His motion was denied by the Ohio trial court. (Doc. 8, Ex. 48). On January 31, 2012, petitioner appealed the decision to the Ohio Court of Appeals in

Case No. C-120067. (Doc. 8, Ex. 49). At the time petitioner filed his motion to hold the petition in abeyance, petitioner's appeal remained pending before the appeals court.

At this juncture, it appears that petitioner's motion for stay is moot. Upon review of the Hamilton County Clerk of Courts' online docket records, it appears that the Ohio Court of Appeals issued a Judgment Entry on November 16, 2012, in the pending appeal affirming the trial court's denial of petitioner's state post-conviction petition.[1] The Ohio Court of Appeals affirmed the trial court's judgment overruling petitioner's motion, but vacated his sex-offender classification and remanded for resentencing under the sex-offender-classification law in effect when petitioner committed his offenses.[2] On further review of the online docket records maintained by the Clerk of the Ohio Supreme Court, it appears that the petitioner did not pursue a further appeal to the state's highest court from the November 16, 2012 ruling.

Because it thus appears that petitioner has exhausted all of his available state court remedies, petitioner's motion for stay (Doc. 7) should be denied as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's motion for stay (Doc. 7) be **DENIED** as moot.

    *s/ Stephanie K. Bowman*   .
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Found at www.courtclerk.org under Case No. C-120067. It is noted that this Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] To the extent that petitioner seeks a stay in order to exhaust any claim regarding his sex-offender classification, the motion should be denied because such a claim is not a cognizable claim subject to review in this federal habeas proceeding. *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002); *Bevins v. Warden*, No. 1:08-cv-520, 2009 WL 5612338, at *12 (S.D. Ohio Dec. 17, 2009) (Hogan, M.J.) (Report and Recommendation), *adopted,* 2010 WL 338086 (S.D. Ohio Jan. 25, 20100 (Dlott, J.). Therefore, the Court should decline to grant petitioner a stay based on the meritless claim. *See Rhines v. Weber*, 544 U.S. 269, 277 (finding that it would be an abuse of discretion for the court to grant a stay where an unexhausted claim is plainly meritless).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SYLVESTER J. LAWSON, II,           Case No. 1:12-cv-243
    Petitioner,

                                                              Bertelsman, J.
    vs.                                                            Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).