# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SYLVESTER J. LAWSON, II,            Case No. 1:12-cv-243
      Petitioner,

                               Bertelsman, J.

      vs.                         Bowman, M.J.

WARDEN, CHILLICOTHE           **REPORT AND**
CORRECTIONAL INSTITUTION,     **RECOMMENDATION**
      Respondent.

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's return of writ, petitioner's response and respondent's sur-reply.  (Docs. 1, 11, 23, 25).

## I.  FACTUAL BACKGROUND

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's convictions and sentence:

> The record demonstrates that Lawson and an accomplice had driven up to the victim late at night while she was retrieving a bag from her aunt's car.  Lawson pointed a gun at her and demanded money.  After the victim stated that she did not have any money, Lawson forced her into the back seat and ordered the victim to disrobe.  At gun point, Lawson forced the victim to perform fellatio while Lawson's accomplice drove the car around town.  The victim was later abandoned not far from where she had been abducted.

(Doc. 8, Ex. 29, p. 3).

## II.  PROCEDURAL HISTORY

### State Court Proceedings

On January 18, 2008, the Hamilton County, Ohio grand jury returned an indictment

charging petitioner with one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(2), and one count of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(4).  (Doc. 8, Ex. 1).  Both counts included firearm specifications.  Through counsel, petitioner entered a plea of not guilty by reason of insanity.  (Doc. 8, Ex. 2).  Counsel also filed a suggestion of incompetence, stating counsel's concern that petitioner may not be competent to stand trial.  (Doc. 8, Ex. 3).

On May 13, 2008, the trial court appointed the Court Clinic Forensic Services to conduct a psychiatric evaluation of petitioner.  (Doc. 8, Ex. 4).  Petitioner was found to be competent to stand trial.  (Doc. 8, Ex. 5).

On August 15, 2008, petitioner withdrew his not guilty plea and entered a guilty plea to both counts.  (Doc. 8, Ex. 6).  Petitioner was sentenced to a total aggregate sentence of fifteen years of imprisonment.[1]  (Doc. 8, Ex. 7).

Petitioner filed a pro se notice of appeal on September 11, 2008.  (Doc. 8, Ex. 9).  Petitioner was appointed counsel by the Ohio Court of Appeals.  (Doc. 8, Ex. 10).  On December 19, 2008, appellate counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  (Doc. 8, Ex. 11).  Counsel noted that he could find no error which would entitle petitioner to relief and requested that the appellate court review the transcript of the trial proceedings to determine whether the trial court committed reversible error.  *Id.* at 5.  On February 9, 2009, petitioner filed a pro se motion for leave to file an addendum to his appellate brief, which was granted by the appellate court.  (Doc. 8, Ex. 13 & 14).  In the addendum, petitioner raised three assignments of error:

    1.  Trial counsel provided ineffective assistance of counsel to Lawson as articulated

---

[1]  Petitioner was sentenced to six years of imprisonment for each count charged in the indictment.  Petitioner was also sentenced to three years for the firearm specification to count one.  The specification to count two was merged with the specification to count one for the purposes of sentencing.  (*See* Doc. 8, Ex. 7).

in Strickland v. Washington, (1984), 466 U.S. 658, 104 S.Ct. 2052, in violation of the Sixth Amendment to the United States Constitution.

2. The trial court failed to substantially comply with Ohio Rule of Criminal Procedure, Rule 11(C)(2)(a), in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Lawson was denied Fifth Amendment Due Process and Fourteenth Amendment Equal Protection of the Law because trial counsel (Mr. Whalen) provided Ineffective Assistance of Counsel in violation of the Sixth Amendment when trial counsel and the Honorable Judge Nadel coerced Lawson to Plead guilty and waive his right to a fair trial.

(Doc. 8, Ex. 15).  The Ohio appellate court affirmed the judgment of the trial court on June 17,

2009.  (Doc. 8, Ex. 18).

On October 2, 2009, petitioner filed a pro se notice of appeal and motion for delayed

appeal to the Ohio Supreme Court.  (Doc. 8, Ex. 19 & 20).  On November 18, 2009, the Ohio

Supreme Court denied petitioner's motion.  (Doc. 8, Ex. 21).

### Application to Reopen Appeal

On September 14, 2009, petitioner filed a pro se application to reopen his appeal.  (Doc.

8, Ex. 22).  Therein, petitioner raised five assignments of error:

1. Defendant was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the trial judge committed plain error by failing to merge allied offenses of similar import.

2. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed defendant to plead guilty when the trial judge, in violation of the due process clause of the Fourteenth Amendment, misinformed defendant of the maximum sentence that defendant was subject to upon conviction.

3. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed defendant to enter into a plea that

3

was not knowingly, intelligently, and voluntarily made because the trial judge misstated the maximum sentence defendant was subject to upon conviction.

4. Defendant was denied an unbiased judge, due process of law and effective assistance of counsel in violation of the Fourteenth and Sixth Amendments to the United States Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the trial judge and trial counsel, by corrupt arrangement, coerced defendant to plead guilty and waive his right to a fair trial by tricking defendant into believing defendant faced a maximum sentence of 23 years imprisonment when actually defendant faced a maximum sentence of only 13 years imprisonment.

5. Defendant was denied an unbiased judge, due process of law, and effective assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 10 and 16 of the Ohio Constitution, when the trial judge and trial counsel perpetrated a fraud upon the Court in obtaining the judgment of conviction against Defendant.

(Doc. 8, Ex. 22, pp. 3-4). On February 17, 2010, the Ohio Court of Appeals granted petitioner's

application to reopen. (Doc. 8, Ex. 26).

On May 3, 2010, through counsel, petitioner raised the following assignments of error in

his reopened appeal:

1. The trial court erred to the prejudice of defendant-appellant by imposing sentences for both rape and kidnapping which were allied offenses of similar import.

   Issue Presented for Review and Argument: Where offenses involve the same conduct and consist of single animus, the Appellant may be convicted and sentenced for only one charge.

2. Ohio Revised Code Section 2953.08(D)(1) does not preclude appellate review of jointly recommended sentences imposed contrary to R.C. 2941.25.

   Issue Presented for Review and Argument: Jointly recommended sentences imposed contrary to R.C. 2941.25 are not "authorized by law" for purposes of R.C. 2953.08(D)(1) and thus are not exempt from appellate review.

3. The trial court erred to the prejudice of defendant-appellant in failing to ensure that defendant-appellant understood the maximum possible penalty as required by Criminal Rule 11(C)(1)(a).

4

Issue Presented for Review and Argument: Under Criminal Rule 11(C)(1)(a), a trial court must ensure that a Defendant understands the maximum possible penalty involved before the trial court accepts guilty pleas to allied offenses.

4. The trial court erred to the prejudice of defendant-appellant in failing to properly inform Defendant-Appellant of his right to compel, summon, or otherwise require witnesses to appear and testify on his behalf.

Issue Presented for Review and Argument: A trial court violates a defendant's constitutionally protected rights when it fails to properly inform defendant of his constitutional right to compel summon or otherwise require witnesses to appear and testify on his behalf.

5. The Defendant-Appellant was denied effective assistance of counsel.

Issue Presented for Review and Argument: Whether it is ineffective assistance when trial counsel fails to object to the imposition of two sentences for allied offenses of similar import.

(Doc. 8, Ex. 27). The Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court on September 3, 2010. (Doc. 8, Ex. 29).

On November 3, 2010, petitioner filed a pro se notice of appeal and a motion for delayed appeal to the Ohio Supreme Court. (Doc. 8, Ex. 30 & 31). The Ohio Supreme Court granted petitioner's motion for a delayed appeal. (Doc. 8, Ex. 32). In his memorandum in support of jurisdiction, petitioner raised five propositions of law:

1. The trial court erred to the prejudice of Appellant by imposing sentences for both rape and kidnapping which were allied offenses of similar import, which denied Appellant the due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution.

2. Appellant's recommended sentence is contrary to law in violation of the due process and equal protection of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Ohio Constitution, Article 1, Section 2, 10 and 16, because the trial court misinformed the Appellant of the maximum possible sentence Appellant faced upon conviction and Ohio Revised Code

5

Section 2953.08[(D)(1)] does not preclude appellate review of jointly recommended sentences imposed contrary to R.C. 2941.25.

3. The trial court erred to the prejudice of Appellant in failing to ensure that Appellant understood the maximum possible penalty as required by Criminal Rule 11(C)[(1)(a)], in violation of the due process and equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution and Ohio Constitution Article 1, Section 2, 10 and 16.

4. The trial court erred to the prejudice of Appellant in failing to properly inform Appellant of his right to compel, summon, or otherwise require witnesses to appear and testify on his behalf, in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 2, 10 and 16 of the Ohio Constitution.

5. The Appellant was denied effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 2, 10 and 16 of the Ohio Constitution.

(Doc. 8, Ex. 33). On March 16, 2011, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 35).

### Second Application to Reopen

On November 29, 2010, petitioner filed a second application to reopen his direct appeal pursuant to App. R. 26(B). (Doc. 8, Ex. 36). Therein, petitioner raised the following errors:

1. Defendant's plea of guilty was not knowingly, intelligently, and voluntarily entered in violation of the Due Process of Law guaranteed by the Fourteenth Amendment to U. S. Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the defendant was not given notice that the animus for the kidnapping offense defendant pled guilty to was different and separate from the animus state in the indictment, for the kidnapping offense defendant was indicted for [R.C. 2905.01(A)(4)].

2. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to U.S. Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed defendant to enter a plea that was not knowingly, intelligently, and voluntarily made because the defendant was not given notice that the animus for the kidnapping offense defendant pled guilty to

6

was different and separate from the animus stated in the indictment, for the kidnapping offense defendant was indicted for [R.C. 2905.01 (A)(4)]

3. Defendant's plea of guilty was not knowingly, intelligently, and voluntarily entered in violation of the Due Process of Law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the Trial Court failed to determine that the defendant made his plea with an understanding of the nature of the charge against him.

4. Defendant was denied Due Process of Law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the Trial Judge committed plain error by failing to merge allied offenses of similar import.

5. Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness when trial counsel allowed defendant to plead guilty when the trial judge, in violation of the Due Process Clause of the Fourteenth Amendment, misinformed the defendant of the maximum sentence that the defendant was subject to upon conviction.

6. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed defendant to enter a plea that was not knowingly, intelligently, and voluntarily made because the trial judge misstated the maximum sentence defendant was subject to upon conviction.

7. Defendant was denied an unbiased Judge, Due Process of Law, and Effective Assistance of counsel in violation of the Fourteenth and Sixth Amendments to U.S. Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the trial judge and trial counsel, by corrupt arrangement, coerced defendant to plea guilty and waive his right to a fair trial by tricking defendant into believing defendant faced a maximum sentence of 23 years imprisonment when actually defendant faced a maximum sentence of only 13 years imprisonment.

8. Defendant was denied an unbiased Judge, Due Process of Law, and Effective Assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution, when the trial judge and trial counsel perpetrated a fraud upon the Court in obtaining the judgment of conviction against the defendant.

(Doc. 8, Ex. 36). The Ohio Court of Appeals denied petitioner's application on June 3, 2011.

(Doc. 8, Ex. 39). Petitioner filed an application for reconsideration pursuant to App. R. 26(A)(1) on June 21, 2011, which was overruled on July 20, 2011. (Doc. 8, Ex. 40 & 41).

On July 14, 2011, petitioner appealed the denial of the application to reopen to the Ohio Supreme Court. (Doc. 8, Ex. 42). In his memorandum in support of jurisdiction, petitioner raised the following propositions of law:

1. Appellant was denied the effective assistance of appellate counsel, a meaningful appeal, due process and equal protection of the law as guaranteed by the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and sections 2, 3, 10 and 16, Article I, of the Ohio Constitution when the court of appeals denied his application to reopen direct appeal.

2. Appella[te] counsel was ineffective, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, sections 2, 10 and 16 of the Ohio Constitution.

3. Appellant's plea of guilty was not knowingly, intelligently, and voluntarily entered in violation of the Due Process of Law guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 2, 10 and 16 of the Ohio Constitution when the Appellant was not given notice that the animus for the kidnapping offense Appellant pled guilty to was different and separate from the animus stated in the indictment, for the kidnapping offense Appellant was indicted for [R.C. 2905.01(A)(4)].

4. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed Appellant to enter a plea that was not knowingly, intelligently, and voluntarily made because the Appellant was not given notice that the animus for the kidnapping offense Appellant pled guilty to was different and separate from the animus stated in the indictment, for the kidnapping offense Appellant was indicted for [R.C. 2905.01(A)(4)].

5. Appellant's plea of guilty was not knowingly, intelligently, and voluntarily entered in violation of the Due Process of Law guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 2, 10 and 16 of the Ohio Constitution when trial court failed to determine that the Appellant made his plea with an understanding of the nature of the charge against him.

6. Appellant was denied Due Process of Law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2, 10 and 16 of the Ohio Constitution when the Trial Judge committed plain error by failing to merge allied offenses of similar import.

7. Trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution when trial counsel allowed Appellant to enter a plea that was not knowingly, intelligently, and voluntarily made because the trial judge misstated the maximum sentence Appellant was subject to upon conviction.

8. Appellant was denied an unbiased judge, Due Process of Law, and effective assistance of counsel in violation of the Fourteenth and Sixth Amendments to the U.S. Constitution when the trial judge and trial counsel, by corrupt arrangement, coerced Appellant into believing Appellant faced a maximum sentence of 23 years imprisonment when actually Appellant faced a maximum sentence of only 13 years imprisonment.

(Doc. 8, Ex. 43). On September 21, 2011, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 45).

**Motion to Vacate Void Judgment and New Sentencing Hearing**

On November 15, 2011, petitioner filed a motion to vacate void judgment and for a new sentencing hearing. (Doc. 8, Ex. 47). The trial court denied petitioner's motion. (Doc. 8, Ex. 48).

Petitioner appealed from the denial of his motion on January 31, 2012. (Doc. 8, Ex. 49). In his appellate brief, petitioner raised four assignments of error:

1. The judgments imposed up on the defendant are contrary to law where they do not comport with law rendering the judgments void.

   Where kidnapping defined as, for the purpose of engaging in sexual activity, is a single animus to Rape, in violation of R.C. 2907.02(A)(2); the mandatory provision of R.C. 2941.25(A) require a merger of convictions as intended by the General Assembly.

2. The judgment is contrary to law where the Defendant['s] classification requirement does not comport with the statutory requirement.

9

The defendant was entitled to be classified under the Version of The R.C. Chapter 2950 in effect at the time the offense was allegedly committed.

3.  The defendant['s] classification must be vacated where trial court failed to comply with the statutory requirement

Trial Courts failure to strictly comply with the mandate of the notice provision of R.C. 2950.09(B)(1), renders the classification void.

4.  The defendant was denied the effective assistance of trial counsel.

Trial counsel has a duty to inform his client of the facts of the law surrounding his case, as that will ensure the plea is knowing, voluntary, and intelligent.

(Doc. 8, Ex. 50).  On November 16, 2012, the Ohio Court of Appeals affirmed the judgment overruling petitioner's motion to vacate void judgment and for a new sentencing hearing. However, the court vacated petitioner's sex-offender classification and remanded the case for resentencing under the sex-offender-classification law in effect when petitioner committed his offenses.[2]

Petitioner does not appear to have appealed from the Ohio Court of Appeals' decision to the Ohio Supreme Court.

### Federal Habeas Corpus

On March 26, 2012, petitioner commenced the instant habeas corpus action.  (Doc. 1).  In the petition, petitioner asserts the following grounds for relief:

**GROUND ONE**:  The defendant's Federal Constitution 14th amendment right to the Equal protection and Due process of law was violated when he was denied his 6th amendment right to be informed of the nature of the crime and cause of the accusation against him, before the accepting his guilty plea.  Defendant was not given notice that the animus for the kidnapping that he pled guilty to was different from the animus stated in the indictment, this renders the plea not knowingly, voluntarily, and intelligently entered.

---

[2]  Found at www.clerkcourt.org under Case No. C-120067.

<u>Supporting Facts</u>:  The indictment charged the defendant with violating R.C. 2905.01 (A)(4) Kidnapping, for the purpose of engaging in sexual activity.  The defendant pled guilty with that understanding in 2008.  The court of appeals determined the kidnapping was committed with a separate animus from the indicted [sic] and plead to animus in 2010.

**GROUND TWO**:  The defendant was denied the 14th amendment to the U.S. Constitution right to the Equal protection and Due process of law when the trial court committed the plain-error of failing to render a judgment that comports with the statutory requirement of R.C. 2941.25(A); the General Assemblys' (sic) intent to uphold the U.S. Constitution 5th amendment guarantee that no person be subject for the same offense to be twice put in jeopardy of life of limb.

<u>Supporting Facts</u>:  Trial court had a mandated duty to merge the allied offenses committed with a single animus and failed to do so.  This failure renders the judgment void as contrary to law.

**GROUND THREE**:  Defendant was denied the 14th amendment to the U.S. Constitutions right to the Equal protection and Due process of law when trial court failed to comply with Federal and Ohio Criminal Rule 11 pertaining to ensuring the defendant understands the maximum penalty to which he is subject before accepting the guilty plea.

<u>Supporting Facts</u>:  Trial court misled the defendant by stating, in open court, that upon conviction the two felonies could be made to run concurrently or consecutively; as the Judge see fit.  Concurrently, defendant faced up to 23 years; consecutively, the defendant faced 13 years.  Defendant was given 15 years; however, the required merger's maximum would only subject the defendant to 13 years.

**GROUND FOUR**:  Defendant was denied the 14th amendment U.S. Constitutions right to the Equal protection and Due process of law when he was denied the 6th amendment right to the effective assistance of counsel

<u>Supporting Facts</u>:  Trial counsel proved to be incompetent when he render ineffective assistance by failing to object to the issues raised in Grounds number 1, 2, and 3 herein this petition.  He was present when the violations occurred.

**GROUND FIVE**:  The defendant was denied the 14th amendment to the U.S. Constitution right to the Equal protection of and Due process of Law when the Appellate counsel Bernadette M. Longanos' incompetent actions denied the defendant a 6th amendment right to the effective assistance of counsel.

<u>Supporting Facts</u>:  The appellate counsel was notified pertaining to the manner in which the client wanted meritorious issues raised to represent his appeal however, Appellant counsel ignored all the requests of her client's desires and submitted her own substandard brief, which contained false information and it failed to raise her clients issues as Federal Constitutional violations.

(Doc. 1).

Respondent opposes the petition.  (Doc. 8).  In the return of writ, respondent argues that petitioner's entire habeas petition is not cognizable in light of petitioner having entered a guilty plea.  Respondent contends that petitioner is limited to the issue of whether his guilty plea was entered voluntarily and intelligently and that petitioner has failed to demonstrate that his plea was anything other than voluntary and intelligent.  *Id.*

## III.  THE PETITION SHOULD BE DENIED

In this federal habeas case, the applicable standard of review governing the adjudication of the constitutional claims that were raised to and decided by the Ohio courts is set forth in 28 U.S.C. § 2254(d).  Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v.*

12

*Taylor,* 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet.  *Id.* at 600. As the Sixth Circuit recently explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards.  *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court).  It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . .  This is a "substantially higher threshold." . . .  To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Harrington*, 131 S.Ct. at 786.  In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that

13

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

The Supreme Court recently made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher,* __ U.S. __, 132 S.Ct. 38, 44 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene,* 132 S.Ct. at 44, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'*" *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] have already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010), *cert. denied,* 132 S.Ct. 127 (2011)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of

the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

**A. Petitioner's grounds for relief are without merit.**

The claims raised in petitioner's grounds for relief all stem from petitioner's contention that his kidnapping and rape convictions were allied offenses of similar import committed with a single animus.  In Ground One, he claims that his plea was involuntary because he was not informed of or provided with "notice that the animus for the kidnapping that he pled guilty to was different from the animus stated in the indictment." (Doc. 1, p. 6).  In Ground Two, petitioner contends that his convictions for both offenses amounted to a double jeopardy violation.  *Id.* at 8.  In Ground Three, he argues that he was misled by the trial court when the trial judge indicated that he faced up to twenty three years for the offenses.  Petitioner claims that because the trial court should have merged the allied offenses he only faced a total of thirteen years of imprisonment.  *Id*. at 9.  In Ground Four, petitioner contends that his appellate counsel was ineffective for failing to raise the claims in Grounds One through Three on appeal.  Finally, in Ground Five, petitioner argues that his appellate attorney in his reopened appeal provided ineffective assistance of counsel based on failing to raise claims relating to his multiple convictions and the voluntariness of his guilty pleas.

Because petitioner's grounds for relief all relate to his double jeopardy claim, raised in Ground Two of the petition, the Court will first assess the merits of that claim.

   *i.*   ***Ground Two***

In Ground Two, petitioner contends that his rape and kidnapping convictions resulted in a double jeopardy violation.  Petitioner raised this claim in his reopened appeal.  The Ohio Court

of Appeals overruled petitioner's assignment of error, finding that the multiple convictions and

sentences were permissible under Ohio's multiple-count statute:

> In his first assignment of error, Lawson argues that the trial court erred when it convicted and sentenced him for both rape and kidnapping in violation of R.C. 2941.25, Ohio's multiple-count statute.
>
> Under R.C. 2941.25, if a defendant's conduct results in allied offenses of similar import, the defendant may only be convicted of one of the offenses.  But if the defendant commits each offense separately or with a separate animus, then convictions may be entered for both offenses.
>
> The Ohio Supreme Court has held that rape and kidnapping were allied offenses of similar import.  But the court has established guidelines to determine whether kidnapping and rape were committed with a separate animus so as to permit separate punishments under R.C. 2941.25(B).  In *State v. Logan*, the court held that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions.  Additionally, the *Logan* court recognized that where the asportation or restraint "subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus."
>
> After a thorough review of the record, we hold in this case that the rape and kidnapping offenses were committed with a separate animus.  The record demonstrates that Lawson and an accomplice had driven up to the victim late and night while she was retrieving a bag from her aunt's car.  Lawson pointed a gun at her and demanded money.  After the victim stated that she did not have any money, Lawson forced her into the back seat of the car.  Lawson also entered the back seat and ordered the victim to disrobe.  At gunpoint, Lawson forced the victim to perform fellatio while Lawson's accomplice drove the car around town.  The victim was later abandoned not far from where she had been abducted.
>
> We conclude that Lawson's act of sexually attacking the victim while in a moving vehicle subjected her to a substantial increase in the risk of harm she faced.  Further, the fact that the victim was forced into a car and driven away from where she had been abducted demonstrated substantial movement of the victim that was not merely incidental to the rape.  Accordingly, we hold that there existed a separate animus for each offense sufficient to support separate convictions.
>
> We note that in our decision granting Lawson's application to reopen his appeal, we concluded that the rape and kidnapping were allied offenses of similar import

because the record could not "be said to demonstrate a spatial or temporal separation between the two offenses or a separate animus as to each." But after closely examining the record, we have determined that this initial conclusion was wrong.

Accordingly, the first assignment of error is overruled.

(Doc. 8, Ex. 29, pp. 2-4).

The Double Jeopardy Clause protects against "multiple punishments for the same offense" imposed in a single proceeding. *Missouri v. Hunter,* 459 U.S. 359, 366 (1983) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). The protection is limited to ensuring that "sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas,* 491 U.S. 376, 381 (1989); *see also Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Brown v. Ohio,* 432 U.S. 161, 165 (1977). Therefore, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Johnson,* 467 U.S. at 499; *see also Palmer v. Haviland,* 273 F. App'x 480, 484 (6th Cir. 2008) (unlike other double jeopardy protections prohibiting re-prosecution for the same offense, "the multiple punishments category of double jeopardy is primarily one of legislative intent").

In the federal courts, the test established in *Blockburger v. United States,* 284 U.S. 299, 304 (1932), is normally used to determine whether two offenses are sufficiently different to allow the imposition of cumulative punishment. *Johnson,* 467 U.S. at 499 n.8; *see also Brown,* 432 U.S. at 166. However, the *Blockburger* test, a rule of statutory construction for federal statutes, does not necessarily control the inquiry into the intent of a state legislature. *Johnson,* 467 U.S. at 499 n.8; *see also Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013); *Banner v. Davis,* 886 F.2d 777, 780-82 (6th Cir. 1989). Instead, when assessing the intent of a state legislature,

17

the federal courts must defer to and are bound by the state courts' construction of their own statutes. *Hunter,* 459 U.S. at 368 (citing *O'Brien v. Skinner,* 414 U.S. 524, 531 (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *Volpe*, 708 F.3d at 697 (and cases cited therein); *Banner,* 886 F.2d at 780. A state legislature may create substantive crimes and punishments that overlap to some degree without violating the Double Jeopardy Clause. Therefore, "[e]ven if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments [for them, the federal] court's inquiry is at an end." *Volpe*, 708 F.3d at 696-97 (quoting *Johnson,* 467 U.S. at 499 n.8).

In Ohio, the legislature's intent in the multiple punishment area may be discerned from Ohio Rev. Code § 2941.25, which was enacted "to prevent 'shotgun' convictions" or, in other words, "multiple findings of guilt and corresponding punishments . . . for closely related offenses arising from the same occurrence." *See State v. Johnson*, 942 N.E.2d 1061, 1064-65 & n.2, 1069 (Ohio 2010) (citing *State v. Botta*, 271 N.E.2d 776 (Ohio 1971), and *State v. Logan*, 397 N.E.2d 1345 (Ohio 1979), and quoting Legislative Service Commission comments to § 2941.25); *see also Volpe,* 708 F.3d at 697. *Cf. State v. Brown*, 895 N.E.2d 149, 153 (Ohio 2008) (pointing out that the standards set forth in Ohio's multiple-count statute "answered both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct"). The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.  The statutory provision permits the trial court to convict and impose cumulative sentences for two or more offenses arising from the same incident if the offenses (1) are of dissimilar import; or (2) are of similar import, but were committed separately or with separate animus.  *Brown*, 895 N.E.2d at 153.

In this case, petitioner contends that his convictions and sentences for rape and kidnapping resulted in a double jeopardy violation because he claims his conduct involved a single animus.  (Doc. 23).  In petitioner's view, his convictions resulted from a single course of conduct, carried out with a single intent to engage the victim in sexual activity.  *Id.*  However, as the Ohio Court of Appeals noted in denying petitioner's assignment of error, the Ohio Supreme Court has specified the circumstances in which multiple punishments for rape and kidnapping are authorized.  *See State v. Logan*, 397 N.E.2d 1345 (Ohio 1979).  The *Logan* Court held that where the movement of the victim is substantial so as to demonstrate a significance independent of the other offense and where the asportation or restraint subjects the victim to a substantial increase in risk of harm separate and apart from the underlying crime, there exists a separate animus sufficient to support separate convictions.  *Id.* at 1351-52.  In petitioner's case, the Ohio appellate court analyzed Ohio Rev. Code § 2941.25 and found that the state legislature intended to authorize multiple offenses and punishments under the factual circumstances presented.  Specifically, the court found that petitioner subjected the victim to a substantial increase in the risk of harm by sexually attacking the victim in a moving vehicle.  The appellate court further found that petitioner's abduction of the victim demonstrated a substantial movement that was not merely incidental to the rape.  Therefore, the court concluded the imposition of separate convictions and punishments for each offense did not violate petitioner's rights against double jeopardy.  (Doc. 8, Ex. 29, pp. 2-4).  Because the state court "clearly answered the question of

legislative intent," this federal court may not re-examine that issue.  As explained by the Sixth

Circuit in *Palmer*:

> "For the purpose of double jeopardy analysis, once a state court has determined
> that the state legislature intended cumulative punishments, a federal habeas court
> must defer to that determination."  [*Banner v. Davis*,] 886 F.2d 777, 780 (6th Cir.
> 1989).  We cannot independently apply typical rules of statutory construction,
> including the *Blockburger* test, to a state statute and conclude that the state courts
> were wrong in their reading of legislative intent.  *McCloud v. Deppisch*, 409 F.3d
> 869, 875 (7th Cir. 2005) ("The state court's use of the Supreme Court's
> *Blockburger* test does not give a toehold into its examination of legislative intent.
> . . . [The *Blockburger* test] is not a constitutional test in and of itself.  Rather, it is
> simply a means of evaluating legislative intent.").  As long as the state court has
> concluded that the legislature intended cumulative punishment, this court is bound
> by that conclusion.

*Palmer*, 273 F. App'x at 486.

This federal court must defer to the state appellate court's conclusion that the state

legislature intended to impose cumulative punishments for rape and kidnapping offenses

committed with a separate animus.  "Whether the state court's reading was in some sense

'correct' [i]s beyond the federal court's 'purview as an interpretation of state law.'"  *Palmer*, 273

F. App'x at 486 (citation omitted).  Therefore, this Court's inquiry is at an end.  *See Johnson,*

467 U.S. at 499 n.8; *Volpe*, 708 F.3d at 696-97.

The undersigned concludes that the Ohio Court of Appeals' adjudication of the double

jeopardy issue is neither contrary to nor an unreasonable application of Supreme Court

precedents governing the resolution of petitioner's constitutional claim.  *See Hunter,* 459 U.S. at

368; (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *O'Brien,* 414 U.S. at

531.  Accordingly, petitioner is not entitled to habeas relief based on his double jeopardy claim

raised in Ground Two of petition.

ii.     *Ground One*

In Ground One, petitioner claims that his plea was involuntary because he was not provided with "notice that the animus for the kidnapping that he pled guilty to was different from the animus stated in the indictment." (Doc. 1, p. 6). Specifically, petitioner contends that the indictment charged him with violating Ohio Rev. Code § 2905.01(A)(4), which prohibits removing a person or restraining their liberty for the purpose of engaging in sexual activity. Petitioner claims that he entered his guilty pleas with the understanding that the rape and kidnapping charges were committed with the same animus.   On this basis, he claims his plea was not knowingly, voluntarily, and intelligently entered. *Id.*

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1968); *see also Brady v. U.S.,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334 (1941)). In *Brady,* the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady,* 397 U.S. at 755 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)). The voluntariness of a guilty plea must

be assessed in light of all the relevant circumstances surrounding the plea.  *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

    For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed.  *King,* 17 F.3d at 154; *Hart v. Marion Corr. Instit.,* 927 F.2d 256, 259 (6th Cir. 1991).  Although the defendant must be apprised of such "direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea.  *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d 417, 421 (6th Cir. 2002).  "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding."  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  As the Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (internal citations omitted).

    Petitioner has not demonstrated that his guilty pleas were entered unknowingly, involuntarily, or unintelligently.  As noted above, petitioner argues that he entered his pleas under the assumption that the animus for the kidnapping charge was the same as for the count of rape.  In other words, petitioner claims that he entered his guilty pleas with the understanding that he could only be convicted and sentenced for either the rape or the kidnapping charge.

However, a review of the record indicates that petitioner was specifically informed of the potential sentences that he faced for each offense and that the sentences on each could be made to run consecutively or concurrently prior to entering his guilty pleas. (Doc. 8, Trans. pp. 41-43). Therefore, contrary to petitioner's claim, it appears clear from the record that petitioner did not enter his guilty pleas based on any reasonable assumption that his offenses were committed with a single animus.

The record otherwise demonstrates that petitioner's guilty pleas were voluntary and intelligent. During petitioner's plea hearing, petitioner indicated that he received a copy of the indictment against him, that he was making his pleas of his own free will, and that he had not been threatened or promised anything in exchange for his pleas. *Id.* at 40-41. The trial court further advised petitioner that by virtue of entering his pleas petitioner was making a complete admission of his guilt and that he was waiving his right to a jury trial, to confront witnesses against him, to subpoena witnesses to testify in his favor, and to require the prosecution to prove its case against him beyond a reasonable doubt. *Id.* at 43-44.

After review of the record in this case, the undersigned concludes that petitioner has failed to demonstrate that his guilty pleas were entered unknowingly, involuntarily, or unintelligently. Accordingly, petitioner is not entitled to habeas relief based on Ground One of the petition.

### iii. *Ground Three*

In Ground Three, petitioner argues that he was misled by the trial court when the trial judge indicated that he faced up to twenty three years for his offenses. Petitioner claims that because the trial court should have merged the allied offenses he only faced a total of thirteen years of imprisonment. *Id.* at 9.

The Court has already determined above that petitioner's underlying claim that his rape and kidnapping convictions should have been merged for sentencing is without merit. Therefore, petitioner's contention that he only faced thirteen years is also without merit. The record in this case demonstrates that the trial court informed petitioner that he faced up to ten years for each offense and Petitioner acknowledged he understood the possible penalties he faced prior to entering his guilty pleas. *Id.* at 41.

Accordingly, petitioner is not entitled to relief based on Ground Three of the petition.

### iv.    *Ground Four*

In Ground Four, petitioner contends that his appellate counsel was ineffective for failing to raise Grounds One through Three on appeal. Because petitioner's claims raised in Grounds One through Three are without merit, counsel was not ineffective for failing to raise the meritless claims. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ( "if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal"). Petitioner is therefore not entitled to habeas relief on Ground Four of the petition.

### v.    *Ground Five*

In Ground Five, petitioner claims that appellate counsel provided ineffective assistance in petitioner's reopened appeal. Petitioner states that appellate counsel "ignored all the requests of her client's desires and submitted her own substandard brief, which contained false information and it failed to raise her client's issues as Federal Constitutional violations." *Id.* Although petitioner does not specify the claims appellate counsel failed to raise in his petition or response to the return of writ, petitioner filed a second application to reopen in the Ohio Court of Appeals claiming appellate counsel was ineffective for failing to raise eight assignments of error. The

assignments of error all relate to the voluntariness of petitioner's guilty pleas and his contention that his convictions for rape and kidnapping were allied offenses of similar import and should have been merged for sentencing.[3]

In order to demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington,* 131 S.Ct. at 787 (citing *Strickland*, 466 U.S. at 689). Under the prejudice prong of the *Strickland* test, petitioner must show "a reasonable probability that, but for his counsel's unprofessional errors, the result of the criminal proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." *Id.* (citing *Strickland,* 466 U.S. at 694). A court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. 466 U.S. at 697.

---

[3] Petitioner argued that appellate counsel and trial counsel were ineffective for failing to argue that his plea was invalid because he was not informed that the animi for the two offenses were different (assignments of error one and two); that his plea was invalid because he was not informed of the nature of the charges (third assignment of error); that the trial court erred by failing to merge the allied offenses (fourth assignment of error); that the trial court misstated the potential maximum sentence for petitioner's convictions (fifth and sixth assignments of error); that the trial court coerced petitioner to enter guilty pleas by overstating the maximum sentence (seventh assignment of error); and, generally, that the trial court perpetrated a fraud on the court in obtaining a judgment of conviction (eighth assignment of error).

In evaluating petitioner's ineffective assistance of appellate counsel claim, the Court must assess the strength of the claims that appellate counsel failed to raise.  *See Wilson v. Parker,* 515 F.3d 682, 707 (6th Cir. 2008).  In order to amount to ineffective assistance under *Strickland*, petitioner must demonstrate a reasonable probability that inclusion of the issue would have changed the result of the appeal.  *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004)*.*  "If there is a reasonable probability that [the petitioner] would have prevailed on appeal had the claim been raised, we can then consider whether the claim's merit was so compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel."  *Id.* at 700.

Because the Court has already determined that petitioner's claims regarding his multiple sentences were without merit, petitioner is unable to demonstrate that appellate counsel was ineffective for failing raise such claims in his reopened appeal.  To be clear, the Court has already found petitioner's double jeopardy claim, his claim that his pleas were involuntary based on his allegation that he was not informed that the animus for his kidnapping conviction was different from that of his rape conviction, and his claim the trial judge misstated the maximum sentence before he entered his guilty plea without merit.   Furthermore, the record in this case indicates that petitioner's appellate counsel did in fact raise assignments of error claiming that petitioner's multiple convictions were allied offenses involving the same conduct and a single animus and that the trial court erred in failing to ensure petitioner understood the maximum possible penalty.  (Doc. 8, Ex. 27).  Accordingly, appellate counsel was not ineffective for failing to raise these meritless claims.  Finally, to the extent that petitioner bases his ineffective assistance of appellate counsel claim on his allegation that "the trial judge and trial counsel perpetrated a fraud upon the Court," he also has failed to make any showing that inclusion of the

claim would have altered the outcome of his appeal.  Plaintiff's conclusory allegation finds no support in the record before the Court.  Therefore, petitioner is not entitled to relief based on Ground Five of the petition.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the grounds alleged in the petition because petitioner's grounds for relief are without merit. Therefore, it is **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims addressed on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further."  *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SYLVESTER J. LAWSON, II,            Case No. 1:12-cv-243
       Petitioner,

                                  Bertelsman, J.

       vs.                         Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
       Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).